IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEVIN THREATT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:12-cv-407-MEF-SRW |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause comes before the Court on Kevin Threatt's complaint. (Doc. # 1). Threatt, a pro se prisoner housed at Easterling Correctional Facility, asks for a temporary restraining order "to prevent further cruel and unusual punishment . . . due to him reporting [his complaints] to shift supervisor Sgt. Borders—only to be laughed at." (*Id.* at 3.) According to Threatt, a correctional officer sprayed him in the face with mace "for no reason" and then failed to provide him with medical attention. Because Threatt brings suit as a pro se litigant, this Court must construe his complaint liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Thus, the portion of his action requesting a temporary restraining order will be treated under the Federal Rules of Civil Procedure as a Rule 65(b) motion for a temporary restraining order.

Rule 65 restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown

by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[1] A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

Here, Threatt's complaint hinges on his subjective feelings—he fears future retaliation for complaining about correctional officers spraying him with mace. This is insufficient to show that he has a substantial likelihood of success on the merits. To state a claim for future harm in this scenario, Threatt needs to show that the officers threatened him sometime after they sprayed him initially and that the threat amounted to a "sufficiently grave promise of future violence." *Poma-Pratt v. Thomas*, No. 12-cv-291, 2012 WL 1409730, at *2 (M.D. Ala. Apr. 23, 2012) (citations omitted). Under the facts

---

[1] Rule 65 also has a procedural component. But since Threatt cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues. *See Moore v. Bentley*, 12-cv-62, 2012 WL 204163, at *1 n.2 (M.D. Ala. Jan. 24, 2012).

alleged by Threatt, "it is unlikely that a reasonable victim would fear for his life" after the incident "once the dust settled." *See id.* Therefore, he has failed to carry his burden of showing that a temporary restraining order should issue.

Moreover, even if this Court granted the requested relief, "it would be impossible to administer because [he] is seeking a restraining order against alleged future retaliation." *Bieros v. Nicola*, 857 F. Supp. 445 (E.D. Pa. 1994). Granting relief would thus require crafting an order preventing "persons from doing something that is entirely speculative in nature," *id.*, given that the named defendants have not even made retaliatory threats. Accordingly, Threatt's Motion for a Temporary Restraining Order (Doc. # 1) is DENIED. It is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

Done this the 4th day of May, 2012.

                                                        /s/ Mark E. Fuller  
                                        UNITED STATES DISTRICT JUDGE