IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEVIN THREATT, #186 411, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-407-MEF |
| ) | [WO] |
| ALABAMA DEPT. OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's request for preliminary injunctive relief. According to the complaint, Correctional Officer Wilson maced Plaintiff in the face without justification. The court understands Plaintiff to seek preliminary injunctive relief to enjoin Defendants from inflicting on him further cruel and unusual punishment and from engaging in any retaliatory conduct in response to his reporting Defendant Wilson's conduct to a supervisor. Upon consideration of Plaintiff's request, which the court considers as a motion for preliminary injunction under Rule 65(a), *Federal Rules of Civil Procedure*, the court concludes that Plaintiff's motion is due to be denied.

On May 4, 2012, the court denied Plaintiff's request for a temporary restraining order ["TRO"] on the same grounds advanced by him in his request for preliminary injunctive relief. (*Doc. No. 3*.) In denying Plaintiff's TRO, the District Judge found that Plaintiff had not carried his burden of demonstrating, among other things, "a substantial likelihood of

success on the merits." (*Doc. No. 3 at 2-3*.)

The standards for granting relief on a TRO and a Preliminary Injunction are the same. *See Parker v. State Bd. of Pardons and Paroles,* 275 F.3d 1032, 1034-35 (11th Cir. 2001) ("A TRO or preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits;"). There has already been a determination in this case that Plaintiff has failed to carry his burden of demonstrating a substantial likelihood of success on the merits. The undersigned, after having reviewed Plaintiff's claims, agrees with the District Court's determination.

Because "[f]ailure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of success on the merits," *American Civil Liberties Union of Fl., Inc. v. Miami-Dade County School Bd.,* 557 F.3d 1177, 1198 (11th Cir. 2009), Plaintiff's Motion for Preliminary Injunction is due to be denied. Further, this court notes that jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). An inmate's mere supposition that prison officials ***may*** at some time in the future act unfavorably towards him is insufficient to state a viable § 1983 claim. *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiffs' subjective belief harm may occur fails to implicate a constitutionally protected interest); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) ("[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened.").

To the extent that Plaintiff's May 4, 2012, pleading may be considered to contain

a motion for court order directing prison officials to provide Plaintiff access to the law library, and for good cause, it is

ORDERED that the motion for court order (*Doc. No. 1*) is DENIED. *See Lewis v. Casey*, 518 U.S. 343 (1996).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's Motion for Preliminary Injunction (*Doc. No. 1*) be DENIED; and

2. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **June 14, 2012** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former

Fifth Circuit issued prior to September 30, 1981.

DONE, this 31st day of May, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE